IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ROGER ANDREW JOHNSON, JR. ) | |
| ) | |
| Plaintiff *pro se*, ) | Civil Action No. 1:21-cv-1600-LKG |
| ) | |
| v. ) | Dated: July 16, 2025 |
| ) | |
| BREDE WASHINGTON, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER
## ON THE PLAINTIFF'S MOTION FOR A DEFAULT JUDGMENT

### Background

In this employment discrimination action, the Plaintiff *pro se*, Rodger Andrew Johnson, brings discrimination claims upon the basis of race against Defendant Brede Washington, Inc., arising from the termination of his employment by the Defendant, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1). *See generally* ECF No. 1. The Plaintiff identifies as African American and he alleges in the complaint that the Defendant discriminated against him upon the basis of race, when the Defendant laid him off during the Covid-19 pandemic and later hired new workers to perform his former duties, who were Caucasian. *Id*. at 6. As relief, the Plaintiff seeks to recover monetary damages from the Defendant. *Id*. at 7.

The Plaintiff commenced this civil action on June 29, 2021. ECF No. 1. After the summons was issued on September 22, 2021, the Defendant did not answer, or otherwise respond to, the complaint. ECF No. 8. And so, on June 16, 2022, the Clerk of the Court entered an Order of Default. ECF No. 24. To date, the Defendant has not appeared in, or defended, this matter. And so, on February 6, 2025, the Plaintiff filed a motion for entry of default judgment against the Defendant. ECF No. 27. The Defendant has not responded to that motion.

### Standards Of Decision

Federal Rule of Civil Procedure 55 governs default judgments entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). In deciding whether

to grant default judgment, the Court takes as true the well-pleaded factual allegations of the complaint, other than those pertaining to damages. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). The Court applies the pleading standards announced in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), in this context. *See Balt. Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 544 (D. Md. 2011). And so, where a complaint avers bare legal conclusions or "naked assertion[s] devoid of further factual enhancement," the Court will not enter default judgment. *Russell v. Railey*, No. DKC 08-2468, 2012 WL 1190972, at *3 (D. Md. Apr. 9, 2012) (quoting *Iqbal*, 556 U.S. at 678); *see, e.g.*, *Balt. Line Handling Co.*, 771 F. Supp. 2d at 545 ("The record lacks any specific allegations of fact that 'show' why those conclusions are warranted.").

Analysis

In this case, a careful reading of the complaint and the Plaintiff's motion for a default judgment shows that the Plaintiff has not met his burden to show that a default judgment is warranted in this case. In his motion for a default judgment, the Plaintiff requests that the Court enter a default judgment against the Defendant, because the Defendant has "failed to respond to all previous requests and orders from this Court including the order of default entered against the Defendant on June 16, 2022." ECF No. 27. But, the Plaintiff does not make any argument to the Court to explain why the factual allegations in the complaint, taken as true, show that he can prevail on his employment discrimination claim against the Defendant. *See* ECF No. 1.

To prevail on his motion, the Plaintiff must, among other things, establish that he can make a *prima facie* case of employment discrimination upon the basis of race in this case. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). But the Plaintiff presents no argument in his motion for default judgment to explain why he has established a *prima facie* case of employment discrimination upon the basis of race under the *McDonnell-Douglas* framework to support his Title VII claim. *See Wannamaker-Amos v. Purem Novi, Inc.*, 126 F.4th 244, 255 (4th Cir. 2025) (requiring a Plaintiff to show that: (1) he is a member of a protected class; (2) his employer took an adverse action against him; (3) he had been fulfilling his employer's legitimate expectations at the time of the adverse action; and (4) the adverse action occurred under circumstances that raise a reasonable inference of unlawful discrimination).

While the Plaintiff correctly observes that the Defendant has failed to defend this civil action, he must do more than make this showing to be entitled to a default judgment under Rule

55. *See Russell*, 2012 WL 1190972, at *3 (D. Md. Apr. 9, 2012) (where a complaint avers bare legal conclusions or "naked assertion[s] devoid of further factual enhancement," the Court will not enter default judgment.). Because the Plaintiff has not done so here, he has not met his burden to show that entry of default judgment is warranted in this case. And so, for the foregoing reasons, the Court:

      (1) **DENIES** the Plaintiff's motion for default judgment (ECF No. 27); and

      (2) **DISMISSES** the complaint (ECF No. 1).

The Clerk is **DIRECTED** to **CLOSE** the case.

Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

                                                    s/ Lydia Kay Griggsby
                                                    LYDIA KAY GRIGGSBY
                                                    United States District Judge